McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
RUSSELL L. CARLBERG
COURTNEY J. LINN
Assistant U.S. Attorneys
501 I Street, Ste 10-100
Sacramento, CA 95814
Telephone (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CR-0114 LKK |
| Plaintiff, ) | |
| v. ) | APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| STEFAN A. WILSON, ) aka Steven K. Wilson, ) | |
| Defendant. ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about February 14 and 15, 2008, Magistrate Judge Mueller issued civil seizure warrants pursuant to 18 U.S.C. § 981(b) based on probable cause for the assets set forth below in this paragraph as a - e. On February 15, 2008, agents of the Internal Revenue Service - Criminal Investigation ("IRS") executed the warrants, seizing the following assets ("the seized

1

1  assets") for the purpose of initiating civil forfeiture
2  proceedings:
3      a.  2007 Porsche Cayman coupe, VIN: WP0AB29807U781950,
        California license number 6BKG423;
4
        b.  Approximately $7,321.12 in U.S. currency seized
5       from Washington Mutual account in the name of Stephen
        K. Wilson, dba Christians in Crisis International and
6       CIC Investment Fund;
7       c.  All funds maintained in Ameritrade account held in
        the name of Christians in Crisis International;
8
        d.  Approximately $5,939.58 in U.S. currency seized
9       from a Bank of America account in the name of Nell J.;
        and
10
        e.  Approximately $419,060.42 in U.S. currency seized
11      from a Bank of America account held in the name of Nell
        J.
12
13     On or about February 26, 2008, a third party[1] consented to
14  the seizure of the following asset by the Federal Bureau of
15  Investigation ("FBI"):
16      f.  A 3 carat diamond ring seized on or about February
        26, 2008;
17
18  Hereinafter, the above-referenced assets (a-f) are collectively
19  referred to as the "seized assets".
20     On March 13, 2008, the Grand Jury returned an indictment
21  containing a forfeiture allegation that includes the seized
22  assets.  The indictment alleges that the seized assets are
23  subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28
24  U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).
25
26      [1] The third party contacted the FBI and said that his
27  sister-in-law was given the ring by defendant Stefan Wilson's
    wife who stated that the ring was purchased with investor's
28  money.

2

Title 18 U.S.C. § 982(b)(1) and Title 28 U.S.C. § 2461(c) incorporate the forfeiture procedures set forth in 21 U.S.C. § 853.  That statute provides several methods for preserving property for the purpose of criminal forfeiture.  One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property.  *See* 21 U.S.C. § 853(e)(1)(A).  Such restraining orders may be entered ex parte. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States.  *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be ex parte and based on grand jury's finding of probable cause).

The government contends that the "take any other action to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the assets pursuant to seizure warrants and/or consent, and the government seeks to continue to maintain custody of such assets pending further criminal forfeiture proceedings.  Accordingly, pursuant to Section 853(e)(1)(A) of Title 21, the United States respectfully moves this court to issue an ex parte order based on the grand jury's finding of probable cause that directs the

///

3

United States may maintain custody of the seized assets through the conclusion of the pending criminal case.

DATED: 5/2/08            McGREGOR W. SCOTT
                         United States Attorney


                         /s/ Courtney J. Linn
                         COURTNEY J. LINN
                         Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including IRS and FBI, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

    a. 2007 Porsche Cayman coupe, VIN: WP0AB29807U781950, California license number 6BKG423;

    b. Approximately $7,321.12 in U.S. currency seized from Washington Mutual account in the name of Stephen K. Wilson, dba Christians in Crisis International and CIC Investment Fund;

    c. All funds maintained in Ameritrade account held in the name of Christians in Crisis International;

    d. Approximately $5,939.58 in U.S. currency seized from a Bank of America account in the name of Nell J.;

    e. Approximately $419,060.42 in U.S. currency seized from a Bank of America account held in the name of Nell J; and

///

1    f.   A 3 carat diamond ring seized on or about February 26,
     2008;

2

3    IT IS SO ORDERED.

4 DATED: May 5, 2008

5
                              /s/ Lawrence K. Karlton
6                             LAWRENCE K. KARLTON
                              SENIOR JUDGE
7                             UNITED STATES DISTRICT COURT

5