UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        NO. CR. S-08-114 LKK

    Plaintiff,

  v.                                 O R D E R

STEFAN A. WILSON,

    Defendant.
                                 /

    This matter came before the court on August 4, 2009 on the motion of the government to dismiss petitioners claims to interests in property subject to a preliminary order of forfeiture under 21 U.S.C. § 853. The court resolves the matter on the papers and after oral argument.

**I. PROCEDURAL HISTORY**

    Defendant was indicted on March 13, 2008 on sixteen counts of wire fraud, three counts of mail fraud, six counts of money laundering, five counts of monetary transactions in criminally derived property, and one count of making and subscribing a false

1

tax return. Underlying the indictment was the government's contention that defendant conducted a fraudulent hedge fund.

In March 2009, defendant pled guilty to counts fourteen (wire fraud) and thirty-one (false tax return) and agreed to forfeit all assets provided for under 18 U.S.C. § 981 and 28 U.S.C. 2461, including various specified sums and personal property. Some of these assets were funds in Bank of America accounts in the name of "Nell J." The government agreed to dismiss the remaining counts.

On April 16, 2009, the government filed an application for preliminary order of forfeiture, which included all of the personal property and funds (but not the real property) identified in the plea agreement. The court granted the application.

In May 2009, Nell Johnson filed a statement of claim and petition for ancillary hearing, asserting that she has legal right to the funds in the Bank of America accounts that are in her name.

In response, the court set a hearing to adjudicate all asserted interests in the property referenced in the Preliminary Order of Forfeiture. Shortly thereafter, Richard Gray, Gray Investment Partners, and Cumberland Hill Capital Fund (collectively, "Gray") filed a petition for adjudication of the validity of their interest in some of the property subject to the preliminary forfeiture order, specifically $1,915,094.14.

It appears from their petitions and their representations at the hearing that Johnson and Gray are potential victims of defendants' fraud, asserting that they invested money with him.

On June 3, 2009, the court granted the government's motion to

2

relieve it from the obligation to provide actual notice of the August 4 hearing to all potential victims. This motion was granted upon adoption of the magistrate judge's Findings and Recommendations in the case <u>United States v. Real Property Located at 730 Glen-Mady Way</u>, Case No. 2:08-cv-00393, which was the forfeiture action concerning defendant's real property.

On June 25, 2009, the government moved to dismiss the petitions filed by Johnson and Gray. Gray filed an opposition and the government has filed a reply.

## II. STANDARD FOR ADJUDICATION OF ASSERTED THIRD-PARTY INTERESTS IN PROPERTY SUBJECT TO A PRELIMINARY ORDER OF FORFEITURE

Although the matter before the court is the government's motion to dismiss, the propriety of that motion depends on whether petitioners have a colorable claim requiring adjudication.

21 U.S.C. § 853 governs the forfeiture of property held by a person convicted of a crime. Persons who have been convicted of specified crimes must forfeit to the government property derived from or obtained as a result of the crime or used to commit or facilitate the crime. 21 U.S.C. § 853(a). The government's interest in the property vests at the moment the crime occurs. <u>Id.</u> § 853(c). However, certain narrow classes of owners of the property have interests in the property superior to the government. <u>Id.</u> Such asserted interests are adjudicated at a hearing, which the statute describes, as well as when a third-party's interest is superior to the that of the government

The statute provides in pertinent part

3

> "(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n).

### III. ANALYSIS

The government has moved to dismiss Gray's and Johnson's petitions on three grounds: that Johnson and Gray have no legal interest in the property because they are unsecured creditors, they have no prudential standing, and they are not entitled to a constructive trust. Gray opposes all three grounds. Johnson apparently simply asserts a right arising from her view of fairness.

**A.   Whether a Constructive Trust Arose By Operation of Law**

Petitioners and the government assert, correctly, that there is essentially a split among the courts on the issue of when a constructive trust arises in favor of a fraud victim. Some cases, among them those cited by the government, treat a constructive

4

trust under California law as a remedy that can be imposed once the court determines that the elements of California Civil Code §§ 2223 and 2224 have been met. See Welch Co. v. Erskine & Tulley, 203 Cal. App. 3d 884, 894 (1988); Embarcadero Municipal Improvement Dist. v. County of Santa Barbara, 88 Cal. App. 4th 781, 793 (2001); Taylor v. Fields, 178 Cal. App. 3rd 653, 665 (1986); Burger v. Superior Court, 151 Cal. App. 3rd 1013, 1017 (1984); Siciliano v. Fireman's Fund Ins. Co., 62 Cal. App. 3d 745 (1976). Others, most notably United States v. $4,224,958.57 ("Boylan"), 392 F.3d 1002, 1004 (9th Cir. 2004), held unequivocally that a constructive trust arises by operation of law as soon as the fraudster obtains the victim's property. Boylan, 392 F.3d at 1004; see also Monier-Kilgore v. Flores, Nos. c054502 & C056348, 2009 WL 1865126 at *27 (Cal. Ct. App. June 30, 2009) (citing Boylan).

The only California Supreme Court case the court has discovered that has addressed the issue is Davies v. Krasna, 14 Cal. 3d 502, 515-16 (1975). There, plaintiff sued the estate of a playwright, alleging that the latter had breached a duty of confidence by incorporating into a play elements from the plaintiff's preexisting work. Id. at 504. Plaintiff asserted, inter alia, a constructive trust in the profits of the play. Id. The court held that the trial court had correctly ruled that the action was barred by the statute of limitations. Id. at 505. It rejected plaintiff's argument that the limitations period should begin to run when a constructive trust in the profits of the play arose. Id. at 515. Instead, the court explained, "[a] constructive trust is .

5

1  . . merely a Remedy to compel a person not justly entitled to
2  Property to transfer it to another who is entitled thereto." Id.
3  (citing 2 Witkin, Cal. Procedure (2d Ed. 1970) at 1193)). As such,
4  it does not exist until a court has decreed it and is therefore
5  subject to the limitations period for the underlying cause of
6  action. Id. at 516. In order for this remedy to be warranted, the
7  plaintiff must show that there is a res, the plaintiff has a right
8  to the res, and the defendant or another has wrongfully acquired or
9  detained it. Communist Party v. 522 Valencia, Inc., 35 Cal. App.
10 4th 980, 990 (1995).

11      This court, however, is bound by the Ninth Circuit's
12 construction of California law, unless the California Supreme Court
13 has subsequently reached a contrary holding. Thus Boylan is
14 controlling on this issue. In Boylan, the Ninth Circuit held, "It
15 is an elementary mistake to suppose that a court creates the trust.
16 The expression the court constructs the trust is absurd. . . .The
17 obligation on the fraudster is imposed by law and arises
18 immediately with his acquisition of the proceeds of the fraud,"
19 citing California Civil Code sections 2223 and 2224. 392 F.3d at
20 1004. Aside from the Civil Code, the Boylan court relied on the
21 Restatement (First) of Restitutions § 160 (1937) and the
22 Restatement of the Law of Restitutions, California Annotation § 160
23 (1940), both of which provide that when a fraudster acquires
24 property from a victim, he holds that property in constructive
25 trust for the victim.

26      It thus appears that Boylan may be inconsistent with the

6

California Supreme Court's earlier explication of California law. Nonetheless, this court is bound by <u>Boylan</u> and only the Circuit or the Supreme Court can remedy the apparent error. Accordingly as Boylan is binding precedent, I must conclude that petitioners obtained a constructive trust in the property that was the subject of the defendant's fraud by operation of law at the moment the fraud occurred.

### B.  Whether Petitioners' Interests Are Entitled to Preference Over the Government Under 21 U.S.C. § 853(n)

Nevertheless, it does not appear that petitioners' interests in the constructive trust are given preference over the government under 21 U.S.C. § 853(n). Under that statute, in adjudicating third-party interests asserted at a forfeiture hearing, the court must determine whether the petitioner has established that he was (1) a bona fide purchaser of the property at issue or (2) that he has a "legal right, title, or interest in the property . . . vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts." 21 U.S.C. § 853(n)(6). While it seems clear that under <u>Boylan</u> the Grey petitioners do have an interest superior to the defendant it also appears that interest is not superior to the government.

The Ninth Circuit has specifically described what the second category of section 853(n)(6) encompasses. In <u>United States v. Hooper</u>, 229 F.3d 818, 821 (9th Cir. 2000), the court considered the defendants' wives asserted community property interests in proceeds

7

of drug sales that had been subject to forfeiture after the defendants' convictions for federal drug trafficking offenses. The wives (petitioners) asserted that under California law, they had an "automatic" community property interest in these proceeds, which had been acquired during the marriage, and therefore that this interest was not subject to forfeiture. The Court of Appeals rejected this.

It held that the petitioners' interests did not meet the standard of section 853(n)(6)(A), the section that applies to petitioners who are not bona fide purchasers. It explained,

> To make sense of this provision, it is necessary to read the temporal requirement - "at the time of the commission of the acts which gave rise to the forfeiture" - as applying to both "vested in the petitioner rather than the defendant" and the alternative "or was superior to any right, title, or interest of the defendant." The intent of the requirement was to prevent a defendant from defeating forfeiture by conveying title prior to conviction. See S. Rep. No. 98-225, at 209 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3392 (hereinafter Senate Report) (discussing identical forfeiture provision of 18 U.S.C. § 1963). Thus, to qualify for relief under § 853(n)(6)(A), Claimants' legal interest, if any, must have been vested in Claimants at the time their husbands committed their crimes. . . . It is true, as the government points out, that this interpretation of § 853(n)(6)(A) leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of the crime. Section 853(n)(6)(A) is far better designed to deal with instrumentalities of the crime. If a husband, for example, uses the family car for drug trafficking, his spouse may qualify under § 853(n)(6)(A) by showing that she had an interest in that car that preceded the crime. Proceeds of crime, however, do not precede the crime. . . .

Id. at 821 (footnote omitted). The Hooper court further found this interpretation buttressed by the fact that an earlier subsection of

8

the statute, § 853(c), provides that the title to the property that is subject to forfeiture vests in the government "upon commission of the act giving rise to the forfeiture," unless the property had been transferred to a bona fide purchaser for value. Reading the statute as a whole, the Circuit held that the government has interest in the property, except where a third party was a bona fide purchaser of the property or the third-party's interest antedated the crime. Id. at 822. Although this reading of § 853(n)(6) is narrow, the court concluded that it was the only plausible way to interpret the statute. Id.

It appears to this court that there is some tension between Boylan and Hooper and the only plausible way to reconcile them is to read Boylan as not addressing the interpretation of § 853(n)(6). This may be appropriate, since the district court in Boylan had held that the petitioners lacked Article III standing to move to set aside a default in a forfeiture action. The district court concluded that because the petitioners were fraud victims of the defendant, they were simply unsecured creditors and therefore had no Article III standing to contest the forfeiture. The Court of Appeals reversed, holding that the petitioners were beneficiaries of a constructive trust and therefore the government "acquired the res impressed with a constructive trust . . . its acquisition of the res did not wipe out these equitable interests." 392 F.3d at 1005. The Boylan court remanded on this basis; it did not discuss § 853(n)(6) or whether the petitioners met the statute's standard to defeat the forfeiture.

9

Here, under <u>Hooper</u>, it appears that petitioners' interests are not cognizable under § 853(n)(6)(A). Although they had an interest in the claimed property prior to the crime, since they were the original holders of the property that defendant obtained through fraud, this interest ceased when the petitioners transferred the property to the defendant. A new interest arose when they became victims of the fraud; this is the constructive trust interest that the petitioners assert. This interest, however, arose by virtue of the defendant's fraud and, as such, arose simultaneously with the government's interest. <u>See</u> 21 U.S.C. § 853(c). Therefore it appears that under <u>Hooper</u> and the plain language of § 853, petitioners' interests did not precede the government's and thus do not fit into either of the categories recognized as defeating the government's claimed forfeiture.

### 3. **Standing**

Additionally, the court is persuaded by the government's argument that the petitioners lack prudential standing. In fact, the government's brief on this issue is virtually a verbatim recitation of the magistrate judge's Findings and Recommendations in <u>United States v. Real Property Located at 730 Glen-Mady Way</u>. In brief, the magistrate judge concluded that Congress created a statutory structure by which victims' interests be adjudicated after the forfeiture, in a remission process. 18 U.S.C. § 981(d); <u>United States v. Bright</u>, 353 F.3d 1114, 11123-25 (9th Cir. 2004). Thus the interests of crime victims in receiving restitution are not in the zone of interests implicated in the statute governing

the forfeiture hearing, even if they have Article III standing under Boylan. See United States v. Lazarenko, 476 F.3d 642, 651-52 (9th Cir. 2007) (holding that even if litigants had Article III standing to contest criminal forfeiture, "we would still dismiss because this case raised prudential concerns. . . ."). For the same reasons that the court adopted these findings in that case, the petitioners appear to lack prudential standing in this action.

## IV. CONCLUSION

For the reasons stated herein, the government's motion to dismiss the Johnson and Gray petitions (Doc. Nos. 68 and 71, respectively) is GRANTED.

IT IS SO ORDERED.

DATED: August 6, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT