UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

NO. CR. S-08-114 LKK

   Plaintiff,

  v.             O R D E R

STEFAN A. WILSON,

   Defendant.

_____/

   Pending before the court is a supplemental petition brought by Richard A. Gray, Jr., Gray Investment Partners, and Cumberland Hill Capital Fund, L.P, for adjudication of the validity of interest in property.  Suppl. Pet., ECF No. 166.  The court resolves the matter on the papers.

## I. BACKGROUND

   On March 17, 2009, Defendant Stefan Andre Wilson pleaded guilty to wire fraud, 18 U.S.C. § 1343, and making and subscribing a false income tax return, 26 U.S.C. § 7206(1).  See Plea Agreement, ECF No. 63.

1

1    On April 22, 2009, pursuant to the terms of the plea

2  agreement, this court entered a preliminary order of forfeiture,

3  providing that Defendant Stefan A. Wilson's interest in the

4  following property would be condemned and forfeited to the United

5  States of America, to be disposed of according to law:

6       a.   2007 Porsche Cayman coupe, VIN: WP0AB29807U781950,
             California license number 6BKG423;

7

8       b.   Approximately $7,321.12 in U.S. currency seized from a
             Washington Mutual account in the name of Stephen K.
             Wilson, dba Christians in Crisis International and CIC

9            Investment Fund;

10      c.   Approximately $1,490,418.57 in U.S. currency seized from
             an Ameritrade account in the name of Christians in

11           Crisis International;

12      d.   Approximately $5,939.58 in U.S. currency seized from a
             Bank of America account in the name of Nell J.;

13

14      e.   Approximately $419,060.42 in U.S. currency seized from
             a Bank of America account in the name of Nell J.;

15      f.   A 3 carat diamond ring seized on or about February 26,
             2008; and

16

17      g.   A sum of money equal to the total amount of money that
             represents the proceeds of the scheme to defraud to
             which the defendant has pled guilty, or which

18           constitutes or was derived from proceeds traceable to
             said scheme.

19

20 Prelim. Order of Forfeiture, ECF No. 65.

21      On June 2, 2009, Richard A. Gray, Jr., Gray Investment

22 Partners, and Cumberland Hill Capital Fund, L.P. ("Gray

23 Petitioners") requested that the court, under a theory of

24 constructive trust, "recognize their superior interest in

25 approximately $1,915,094.14 . . . seized from Wilson and currently

26 held by the government."  Movants' Pet., ECF No. 71.

1     On June 3, 2009, the Government filed an ex parte motion to
2  relieve it of the obligation to give direct written notice of the
3  ancillary proceedings in the action to the investor/victims of
4  Defendant Wilson's fraud.  Gov't Mot., ECF No. 76.  This court
5  granted the Government's ex parte motion on June 8, 2009, and
6  provided that the "investors and victims in the underlying fraud
7  scheme . . . lack prudential standing to file petitions in this
8  criminal action."  Order, ECF No. 80.

9     On June 25, 2009, the Government moved to dismiss Gray
10 Petitioners' claims to the interests in property subject to the
11 preliminary order of forfeiture.  Gov't Mot., ECF No. 83.  This
12 court granted the Government's motion to dismiss, finding that: (1)
13 the Gray Petitioners' "interests did not precede the government's
14 and thus do not fit into either of the categories recognized as
15 defeating the government's claimed forfeiture"; and (2) the
16 Petitioners lacked prudential standing.  Order, ECF No. 90.

17    On August 10, 2009, Gray Petitioners filed a notice of appeal
18 of this court's order.

19    While the appeal was pending, this court ordered that: (1) no
20 final order of forfeiture shall issue until the conclusion of
21 Petitioners' appeal; and (2) the Governmental shall not distribute
22 or dispose of any property seized from Defendant Wilson until the
23 conclusion of Gray Petitioners' appeal.  Order, ECF No. 99.

24    On October 28, 2011, the Ninth Circuit reversed this court's
25 order, finding that: (1) the Gray Petitioners had prudential
26 standing to assert a claim; and (2) "[u]nder § 853(n), Gray's

3

1   interest is greater than Wilson's" and also, therefore, greater

2   than the Government's interest because the "Government is merely

3   standing in Wilson's shoes." United States v. Wilson, 659 F.3d 947

4   (9th Cir. 2011).

5        The Ninth Circuit further noted that, on remand, this court

6   would have to resolve the issue of whether Gray has sufficiently

7   proved his allegations as to the traceability of his funds.   In

8   doing so, the Circuit advised the court that its decision as to

9   traceability "should not be read to preclude equitable analysis,"

10  and that this court should "tak[e] steps to assure that no claimant

11  obtains more than his or her fair share." Id. at 956 (citing United

12  States v. $4,224,958.57 ("Boylan"), 392 F.3d 1002, 1005 (9th Cir.

13  2004)).   The Circuit additionally noted that, "even if the

14  forfeited assets can be traced back to Gray's investment into

15  Wilson's fraudulent scheme, this does not necessarily move him

16  ahead of the other victims in this case," and that "this case

17  arguably presents circumstances where equity would justify

18  suspension of those tracing rules." Id. (relying on Cunningham v.

19  Brown, 265 U.S. 1, 13 (1924); United States v. 13328 & 13324 State

20  Hwy. 75 N., 89 F.3d 551, 554 (9th Cir. 1996)).

21       On April 27, 2012, the Gray Petitioners and the Government

22  stipulated, inter alia, that "[o]f the $1,915,418.57 seized by the

23  United States, $1,700,446.63 is directly traceable to the funds

24  deposited by Gray and Cumberland on or about February 1, 2008."

25  Stipulation, ECF No. 144, at 3.

26       On August 8, 2012, in response to a claim filed by pro se

4

1  petitioner Elvira Bailey, the Government and Elvira Bailey

2  stipulated, <u>inter alia</u>, that "[o]f the $1,922,739.69 seized by the

3  United States, $74,025.48 is directly traceable to funds deposited

4  by the Bailey Living Trust on or about February 1, 2008."

5  Stipulation, ECF No. 154.

6      On October 4, 2012, Elvira Bailey filed a notice with the

7  court, stating, "I feel of the money that was collected my 100,000

8  should be given back to me because it was a[]part of the funds that

9  were seized when Stefan Wilson was arrested on Feb, 2008."  Bailey

10 Not., ECF No. 165.

11     On October 18, 2012, the Gray Petitioners filed the

12 supplemental petition for adjudication of the validity of interest

13 in property, ECF No. 166, which is currently at issue.  The Gray

14 Petitioners request that the court amend the preliminary order of

15 forfeiture "to recognize Petitioners' ownership of the funds

16 directly traceable to their investment" and seek return of those

17 traceable funds to Petitioners.  Suppl. Pet., ECF No. 166.

18                          **II. ANALYSIS**

19     As provided by the Ninth Circuit, Petitioners obtained a

20 constructive trust, superior to the Government's interest, at

21 the time their funds were transferred to Wilson in February

22 2008.  See <u>United States v. Wilson</u>, 659 F.3d 947, 954 (9th Cir.

23 2011).  Pursuant to the Ninth Circuit's holding and 21 U.S.C. §

24 853(n)(6),[1] this court, therefore, amends the preliminary order

25

26     [1] According to 21 U.S.C. § 853(n)(6), the criminal forfeiture
   statute, upon a court's determination that a petitioner has

                                5

1 of forfeiture to exclude those assets traceable to Petitioners'

2 investments, calculated as per the parties' stipulations.

3      However, the fact that a constructive trust was created on

4 behalf of the Petitioners does not require the court to

5 administer the constructive trust in such a way as to wholly

6 benefit the Petitioners, at the expense of the remaining

7 victims.  The Ninth Circuit specifically remanded this case with

8 instructions that the court "administer the constructive trust

9 fairly" and "tak[e] steps to assure that no claimant obtains

10 more than his or her fair share."  Id. at 956 (citing United

11 States v. $4,224,958.57 ("Boylan"), 392 F.3d 1002, 1005 (9th

12 Cir. 2004)).

13      The court finds that, in this case, equity justifies

14 suspension of the tracing rules; allowing the constructive trust

15 to be administered solely on the basis of tracing fictions would

16 allow the Petitioners to recover their losses at the expense of

17 other victims.  See id. ("Because Gray relies on tracing

18 presumption as the basis for his alleged superior interest, this

19 case arguably presents circumstances where equity would justify

20 _____

established:
21          a legal right, title, or interest in the property,
          and such right, title, or interest renders the
22          order of forfeiture invalid in whole or in part
          because the right, title, or interest was vested in
23          the petitioner rather than the defendant or was
          superior to any right, title, or interest of the
24          defendant at the time of the commission of the acts
          which gave rise to the forfeiture of the property
25          . . . . the court shall amend the order of
          forfeiture in accordance with its determination.
26 21 U.S.C. § 853(n)(6).

1   suspension of those tracing rules . . . . [U]nder our precedent,

2   courts generally will not indulge in tracing when doing so would

3   allow one fraud victim to recover all of his losses at the

4   expense of other victims.") (citing <u>United States v. 13328 &</u>

5   <u>13324 State Hwy. 75 N.</u>, 89 F.3d 551, 554 (9th Cir. 1996)).[2]

6        Accordingly, the court ORDERS as follows:

7        (1) The stay entered by this court on August 14, 2009, as

8           to the distribution or liquidation of the assets identified

9           in the preliminary forfeiture order, ECF No. 99, is LIFTED.

10       (2) A final judgment for forfeiture is ENTERED for all

11          seized assets, except those funds subject to constructive

12          trusts.

13       (3) As to the $90,000 substituted payment, which was

14          deposited with the Clerk of the Court and not included in

15          the preliminary forfeiture order, those funds SHALL be

16          distributed pursuant to the restitution order.

17       (4) The court FINDS that $1,700,446.63 of the seized funds

18          are subject to Gray Petitioners' constructive trust and

19          $74,025.48 of the seized funds are subject to Bailey's

---

21      [2] Petitioners request that this court interpret the Ninth
Circuit's instructions regarding equitable trust administration as
22  non-binding dicta. <u>See</u> Pet'rs' Reply, ECF No. 173, at 5. This
court agrees that the Ninth Circuit's instructions were conditioned
23  on this court's determinations regarding the traceability of
Petitioners' funds and were, therefore, merely instructions to this
24  court and not a holding of the Circuit. However, the court sees
no reason to deviate from the Ninth Circuit's interpretations of
25  <u>Boylan</u>, <u>Cunningham</u>, and <u>13328 & 13324 State Hwy. 75 N.</u> in this
case. This order thus coheres with the Ninth Circuit's
26  instructions on the matter.

1    constructive trust.

2    (5) The constructive trust funds SHALL be distributed to

3    all victims in proportion to their losses.

4    (6) To effectuate administration of the constructive trust,

5    the U.S. Attorneys' Office SHALL, within thirty (30) days

6    of issuance of this order, provide the court with a

7    recommendation as to an appropriate trustee (and trustee's

8    counsel) to ensure representation of all victims'

9    interests.  The trustee and trustee's counsel shall be paid

10   with trust assets prior to trust distribution.

11   IT IS SO ORDERED.

12   DATED: January 25, 2013.

13

14

15

16   LAWRENCE K. KARLTON
     SENIOR JUDGE

17   UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

8