BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STEFAN A. WILSON,<br><br>　　　　　Defendant. | 2:08-CR-00114-TLN-AC<br><br>FINAL ORDER OF FORFEITURE FOR ASSETS NOT SUBJECT TO CONSTRUCTIVE TRUST PROCEEDINGS |

On or about April 22, 2009, this Court entered a Preliminary Order of Forfeiture (ECF No. 65) pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered into between plaintiff and defendant Stefan A. Wilson forfeiting to the United States the following property:

　　　　a.　2007 Porsche Cayman coupe, VIN: WP0AB29807U781950, California license number 6BKG423;

　　　　b.　Approximately $7,321.12 in U.S. currency seized from a Washington Mutual account in the name of Stephen K. Wilson, dba Christians in Crisis International and CIC Investment Fund;

　　　　c.　Approximately $1,490,418.57 in U.S. currency seized from an Ameritrade account in the name of Christians in Crisis International;

　　　　d.　Approximately $5,939.58 in U.S. currency seized from a Bank of America account in the name of Nell J.;

　　　　e.　Approximately $419,060.42 in U.S. currency seized from a Bank of America account in the name of Nell J.;

1

    f.  A 3 carat diamond ring seized on or about February 26, 2008; and

    g.  A sum of money equal to the total amount of money that represents the proceeds of the scheme to defraud to which the defendant has pled guilty, or which constitutes or was derived from proceeds traceable to said scheme.

  Beginning on April 26, 2009, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. The published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.

  On April 30, 2009, the United States provided direct notice to Nell Johnson and Richard Gray, Jr. On May 13, 2009, Nell Johnson filed a Petition for Ancillary Hearing for $425,000 of the seized funds. ECF No. 68. On June 2, 2009, Richard Gray, Jr. filed a Petition for Adjudication of the Validity of Interest in Property, wherein he claimed a constructive trust over $1,915,094.14 of the seized funds.[1] ECF No. 71.

  On June 9, 2009, the Court ordered that the United States was not required to serve notice to the other victims of Wilson's fraud. ECF No. 80.

  On motion by the United States, the district court dismissed both ancillary petitions on August 6, 2009, finding that Gray and Johnson lacked prudential standing and Gray's constructive trust interest was not superior to the United States' interest under 21 U.S.C. § 853(n)(6)(A). ECF No. 90.

  On August 14, 2009, the Court stayed the distribution or liquidation of any of the assets identified in the Preliminary Order of Forfeiture pending Gray's appeal of the dismissal of his ancillary petition. ECF No. 99.

  On Gray's appeal, the Ninth Circuit reversed and remanded. United States v. Wilson, 659 F. 3d 947 (9th Cir. 2011). The Court found that Gray had prudential standing to assert a claim. Id. at 952. The Court further held that Gray's constructive trust and the United States' interest arose simultaneously upon Wilson's fraud, but that Gray's original interest "existed prior to the event that gave rise to the Government's interest." Id. at 954. The Court explained that its ruling did not mean that Gray would

---

[1] Gray's petition was filed on behalf of Richard A. Gray, Jr. individually and two related business entities, Gray Investment Partners and Cumberland Hill Capital Fund, L.P. (collectively "Gray").

necessarily succeed in contesting forfeiture or that he would be entitled to recover all of the funds to the detriment of other victims. Id. at 956.  On remand, the district court was to "administer the constructive trust fairly," and could suspend, for equitable reasons to ensure that some of the funds go to other victims, the tracing principles that Gray invoked to demand all the recovered funds.  Id. at 956.  That is so because "equality is equity."  Id.

On May 22, 2012, the United States provided direct notice by certified mail to all victim-investors who could potentially claim a constructive trust by tracing their investments to the seized funds.  The following is a list of those individuals who were sent direct notice:

- a. David and Elvira Parra
- b. Elvira Bailey
- c. Timothy and Rachel Manke
- d. Louie Bilotto
- e. Michael Jennings
- f. Thor Strandholt and Mary Strandholt

On July 13 and October 4, 2012, Elvira Bailey filed ancillary petitions claiming a total fraud loss of $100,000.  ECF Nos. 153 and 165.  On October 18, 2012, Gray filed an amended ancillary petition arguing that the United States has no interest in the $1,700,446.63 of seized funds traceable to his investment, due to his constructive trust.  ECF No. 166.  No other petitions have been filed, and the time for any person or entity to file a petition has expired.

On January 28, 2013, this Court entered an order recognizing that Gray and Bailey "obtained a constructive trust, superior to the Government's interest" and, accordingly, amended the preliminary order of forfeiture "to exclude those assets traceable to [Gray's and Bailey's] investments." ECF No. 174.  Specifically, $1,700,446.63 of the seized funds are subject to Gray's constructive trust and $74,025.48 of the seized funds are subject to Bailey's constructive trust, for a total of $1,774,472.11 held in constructive trust.  Id.  The Court ordered that the funds subject to constructive trusts "shall be distributed to all victims in proportion to their losses" and requested that the United States recommend an "appropriate trustee (and trustee's counsel) to ensure representation of all victims' interests."  Id.  In addition, the Court lifted the stay concerning the distribution or liquidation of the assets identified in the preliminary forfeiture order and entered final judgment for forfeiture for all seized assets, except those funds subject to Gray's and Bailey's constructive trusts.

On February 22, 2013, Gray filed a notice of appeal.  ECF No. 175.  Bailey did not appeal.

On February 27, 2013, the United States submitted its recommendations regarding trust administration in accordance with this Court's order, recommending appointment of David Flemmer as trustee and the Wilke Fleury law firm as trustee's counsel.  ECF No. 180.

On March 27, 2013, the Court stayed all proceedings in the case pending the outcome of Gray's appeal of the January 28, 2013 order.  ECF No. 187.

On July 3, 2014, the Ninth Circuit dismissed Gray's appeal for lack of jurisdiction.  <u>United States v. Wilson</u>, Ninth Circuit Case No. 13-10091 (July 3, 2014) (order filed in this Court as ECF No. 201).  The court ruled that this Court's January 2013 order on trust administration is a non-appealable interlocutory order, explaining that "Gray can challenge the final distribution of the funds once the trustee and the district court have concluded their proceedings."  <u>Id.</u> at 4.

On October 15, 2014, this Court denied Petitioner Gray's alternative proposals concerning the distribution of funds held in constructive trust and appointed David Flemmer and the law firm of Wilke, Fleury, Hoffelt, Gould & Birney as trustee and trustee's counsel to administer Gray's and Bailey's constructive trusts.  ECF No. 222.  In addition, the Court lifted the stay previously imposed on March 27, 2013 and ordered the distribution of non-constructive trust assets in a manner consistent with the Court's January 25, 2013 order.  <u>Id.</u>

Accordingly, it is hereby ORDERED and ADJUDGED:

1. A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the below-listed property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to be disposed of according to law, including all right, title, and interest of Stefan A. Wilson, Nell Johnson, Richard Gray, Jr., David Parra, Elvira Parra, Elvira Bailey, Timothy Manke, Rachel Manke, Louie Bilotto, Michael Jennings, Thor Strandholt, and Mary Strandholt:

    a. 2007 Porsche Cayman coupe, VIN: WP0AB29807U781950, California license number 6BKG423;

    b. Approximately $7,321.12 in U.S. currency seized from a Washington Mutual account in the name of Stephen K. Wilson, dba Christians in Crisis International and CIC Investment Fund, plus all accrued interest earned;

    c. Approximately $5,939.58 in U.S. currency seized from a Bank of America account in the name of Nell J., plus all accrued interest earned;

1
      d.     Approximately $135,006.88 of the $419,060.42 in U.S. currency seized from a Bank of America account in the name of Nell J., plus all accrued interest earned on that amount; and

      e.     A 3 carat diamond ring seized on or about February 26, 2008.

2.     All right, title, and interest in the above-listed property shall vest solely in the name of the United States of America.

3.     The U.S. Marshals Service and the Internal Revenue Service-Criminal Investigation shall maintain custody of and control over the subject property until it is disposed of according to law.

SO ORDERED this 6th day of January, 2016.

_____
Troy L. Nunley
United States District Judge