UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>STEFAN WILSON,<br><br>Movant. | No. 2:08-cr-0114 TLN DB<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se. On September 15, 2009, following his entry of a plea of guilty pursuant to a plea agreement, movant was convicted of one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of making and subscribing a false income tax return in violation of 26 U.S.C. § 7206(1). Movant's post-conviction motion sought relief on the grounds that his trial counsel rendered him ineffective assistance.

On March 31, 2016, the Honorable Troy L. Nunley adopted the then-assigned magistrate judge's recommendation to deny plaintiff's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant has now filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).[1] Respondent opposes the motion and moves to dismiss it.

////

---

[1] Movant's motion was referred to the undersigned on May 22, 2017. (ECF No. 337.)

1

**I.    Procedural Background**

    **A.    Movant's Conviction and Sentencing**

On March 13, 2008, an indictment was filed charging movant with multiple counts arising out of his operation of an alleged Ponzi scheme known as CIC Investment Fund. (ECF No. 10.) On March 17, 2009, movant pled guilty to one count of wire fraud (Count 14) and one count of making and subscribing a false income tax return (Count 31) pursuant to a written plea agreement. (ECF No. 63.) That plea agreement did not contain any agreement between the parties as to any appropriate sentencing range, but rather provided that "[s]entencing is a matter solely within the discretion of the Court and the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement." (Id. at 2.)

On September 15, 2009, movant was sentenced to 236 months imprisonment in the custody of the U.S. Bureau of Prisons as to the wire fraud charge and 36 months imprisonment on the false tax return charge with those sentences to run concurrently, to be followed by a three year term of supervised release. (ECF Nos. 105 & 106.) In addition, imposition of a fine was waived due to movant's inability to pay a fine, the mandatory $200 special assessment was imposed, and movant was ordered to pay $12,514,623.35 in restitution to the victims of his offenses.

On September 17, 2009, movant filed a timely notice of appeal from the judgment. (ECF Nos. 104, 113.) In an unpublished opinion, the Ninth Circuit vacated petitioner's sentence and remanded for resentencing, explaining as follows:

> The district court did not specifically rule on the Defendant's objections to three enhancements contained in the Presentence Investigation Report (PSR). Furthermore, the district court did not rule on the Defendant's objection to the Criminal History Category assigned in the PSR. The Court cannot properly review the sentence on appeal without rulings by the district court on these objections. See United States v. Carty, 520 F.3d 984, 991 (9th Cir. 1008) (en banc); Kimbrew, 406 F.3d at 1151. Thus, we must vacate and remand. See United States v. Denton, 611 F.3d 646, 651 (9th Cir. 2010).

> The Defendant's remaining allegations of procedural error – that
> the district court failed to inquire whether the Defendant had read
> the PSR and that the district court did not adopt the PSR – can be
> resolved by the district court on remand.

(ECF No. 113.)

On remand for resentencing, the then-assigned District Judge made certain findings and re-imposed the same sentence that had originally been imposed upon movant, including the 236-month prison term. (ECF No. 128.) Movant again appealed. (ECF No. 129.) On June 15, 2012, the Ninth Circuit affirmed the district court's findings on remand, and affirmed movant's sentence. (ECF No. 149.)

### B.    Movant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence

Movant filed his § 2255 motion in this court on November 25, 2013. (ECF No. 188.) There, he first claimed that his retained counsel induced him to plead guilty with: (1) false promises and guarantees, both to him and to his family, that he would receive a prison sentence in the 3-5 year range; (2) threats to withdraw from the case if he was not paid additional fees; (3) a "threat" that movant should not mention any promises made by counsel about his sentence to the trial judge; and (4) erroneous legal advice about the Sentencing Guidelines and the applicability of certain guideline provisions. Movant also claimed that trial counsel rendered ineffective assistance in not "meaningfully challenging the loss amount, the victim enhancement, and an invalid restitution order."

On June 1, 2015, an evidentiary hearing was scheduled and the Federal Defender was "appointed to represent movant for purposes of participating in the evidentiary hearing," which was limited to the question whether movant's guilty plea was coerced by his trial counsel's promises regarding the sentence he would receive if he pled guilty to the charges. (ECF No. 226.) An evidentiary hearing was held on September 29-30, 2015 on that single claim. Both parties also filed post-hearing briefs. (ECF Nos. 254-55.)

On October 30, 2015, the then-assigned magistrate judge issued findings and recommendations to deny movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. These findings and recommendations were adopted in full on March 31,

2016. (ECF No. 306.)

### C. Movant's Motion for Leave to Amend

During the pendency of the October 30, 2015, findings and recommendations, movant moved pro se for leave to amend his § 2255 petition. Mov.'s Mot. to Amend ("MTA") (ECF No. 291.) This motion was premised on facts that movant claims he first learned in January 2016, namely, that the prosecution relied on movant's wife as an undisclosed FBI informant. Movant claims the government's failure to disclose this information violated Brady v. Maryland, 373 U.S. 83 (1963). Respondent did not respond to this motion.

To date, this motion to amend, which was referred by minute order to the assigned magistrate judge for review (ECF No. 293), has not been resolved.

### D. Movant's Motion for Reconsideration

On March 29, 2017,[2] movant filed the pending motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 327.) Movant's motion "seeks relief from (1) defects in the integrity of the habeas proceeding, (2) the District Court's failure to resolve all claims of a constitutional violation raised in his habeas petition, and (3) an allegedly void judgment…." Mov.'s Mot. Recons. at 6. Respondent moves to dismiss this motion as an unauthorized successive § 2255 petition. (ECF No. 344.)

## II. Analysis

### A. Successive Petition

Movant's Rule 60(b) motion seeks, in part, relief on the ground that the court erred in analyzing his ineffective assistance of counsel claims. He also seeks to add a new ineffective assistance of counsel claim premised on the conduct of his appointed habeas counsel in relation to the evidentiary hearing.

Rule 60(b) provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds. Fed. R. Civ. P. 60(b). When a federal prisoner brings a Rule 60(b) motion that arguably attacks his

---

[2] Though this motion was filed on April 10, 2017, movant is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

conviction or sentence, the district court must determine whether the motion is a proper Rule 60(b) motion or a section 2255 motion in disguise. See Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005). Although the dividing line is not always precise, a disguised section 2255 motion asserts substantive claims, while a Rule 60(b) motion asserts some defect in the integrity of the federal habeas proceedings. Gonzalez, 545 U.S. at 532; Hernandes, 708 F.3d at 681.

Ordinarily, a federal prisoner challenging the legality of his sentence must do so by a motion under 28 U.S.C. § 2255, filed in the sentencing court. 28 U.S.C. § 2255(a); see Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir. 2008). The prisoner may not bring a second section 2255 motion unless he meets the specific requirements of section 2255(h) and obtains authorization to file a "second or successive motion" from the court of appeals. United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). He cannot avoid this requirement by characterizing his motion as a Rule 60(b) motion. Id. at 1059-60; United States v. Hernandes, 708 F.3d 680, 681 (9th Cir. 2013).

Here, although couched as a procedural challenge, it is apparent that movant is asserting a substantive challenge to the district court's prior order concerning his ineffective assistance of counsel claims. Namely, he argues that errors of fact and law by the magistrate judge, and in turn the district judge, led to the erroneous determination that movant's constitutional rights were not violated. Movant is, in essence, re-litigating his claims. Thus, the court must conclude that § 2255(h) applies. Similarly, movant's claim that the Federal Defender was ineffective in its representation of movant during the evidentiary hearing must also be construed as a substantive challenge. See Gonzalez, 545 U.S. at 532 n.5 ("We note that an attack based on the movant's own conduct, or his habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.")

Given that movant has not received permission from the court of appeals to file a successive § 2255 petition, the district court is without jurisdiction to consider the instant motion. See Washington, 653 F.3d at 1065. Thus, insofar as movant's motion seeks review of his ineffective assistance of counsel claims or to add a new ineffective assistance of counsel claim, it should be denied as an improper successive petition.

**B.     Request for Ruling on Motion to Amend: <u>Brady</u> Violation**

The undersigned construes the next portion of movant's motion for reconsideration as a request for ruling on his pending motion to amend. Respondent argues that this request should be denied for two procedural reasons: first, movant filed the motion pro se even though he had appointed counsel at the time, and second, it is time-barred.

**1.     Respondent's Motion to Dismiss**

Respondent first argues that movant's pro se motion was improperly filed due to the appointment of counsel. This argument is unpersuasive. That appointment was limited to an evidentiary hearing on the question whether movant's guilty plea was coerced by his trial counsel's promises regarding the sentence he would receive if he pled guilty to the charges. Nothing in that limited scope of appointment would have precluded the pro se filing of the motion to amend, and respondent's arguments to the contrary are unconvincing.

Respondent next argues that the proposed amendment is time-barred since it was filed after the one-year statute of limitations for filing a § 2255 motion, and the new claim does not relate back to the original petition.

A motion for § 2255 relief must be brought within one year from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), a § 2255 motion must be brought within one year after the "judgment of conviction becomes final." The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal

exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Movant's motion thus should have been filed on or before December 7, 2013. Instead, it was filed on March 1, 2016. There is no dispute then that movant's motion was filed well beyond the finality of his conviction.

Movant, however, is relying on § 2255(f)(4), and not § 2254(f)(1), in arguing that he only just became aware of the facts underlying the new claim he seeks to assert. Specifically, he claims that he recently watched a television episode titled "American Greed," in which the attorney who prosecuted him, Assistant United States Attorney Stephen Lapham, and FBI Agent Karen Ernst stated on camera that movant's wife was the secret FBI informant. MTA at 5. This episode originally aired in 2012, but movant claims he did not view it until early-2016. Movant contends that this information was withheld from him even after his trial counsel specifically requested it, and that the government's failure to identify his then-wife, Christina, as the FBI informant amounted to a Brady violation. Under § 2255(f)(4), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (discussing § 2244(d)(1)(D)).[3] Under that rule, movant's motion was timely filed, and the government's argument of untimeliness pursuant to § 2254(f)(1) is therefore inapposite.

### 2. Movant's Motion to Amend

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. See Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000); see also United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000). Under Federal Rule of Civil Procedure 15(a), one seeking collateral relief may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the pendency of the proceeding. See Mayle v. Felix, 545 U.S. 644, 654 (2005); see also In re Morris,

---

[3] Hasan analyzed due diligence in the context of § 2244(d)(1)(D), the counterpart to § 2255(f)(4) that applies to habeas petitions by state prisoners. Courts have interpreted the statute of limitation provisions of §§ 2244 and 2255 as being consistent. See Lackawana Cty Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001) (O'Connor, J.) (plurality opinion).

363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to habeas actions with the same force that it applies to other civil cases). Although leave to amend should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay resolution of the action, or if the party acted in a dilatory fashion in seeking leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962).

Since respondent has not responded to the merits of movant's motion to amend, either in the first instance or in its response to the motion for reconsideration, the undersigned reserves ruling on this motion pending further briefing by the government, including whether movant was diligent in discovering this claim and whether amendment would be futile.

## III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that within twenty-one (21) days, respondent shall file a supplemental brief addressing the motion to amend. Movant's reply brief shall be due seven (7) days after service of the government's brief; and

IT IS HEREBY RECOMMENDED that:

1. Movant's April 10, 2017, motion for reconsideration (ECF No. 327) be DENIED insofar as movant seeks reconsideration of his ineffective assistance of counsel claims or to add a new ineffective assistance of counsel claim; and

2. Respondent's June 7, 2017, motion to dismiss (ECF No. 344) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////
////
////
////
////

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: August 15, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7;
DB/Inbox/Substantive/wils0114.recons