UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>STEFAN WILSON,<br><br>Movant. | No. 2:08-cr-00114-TLN-DB<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding with counsel. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2017, the magistrate judge recommended the denial of Movant's motion for reconsideration of the undersigned's order denying his March 1, 2016, motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 327) and the grant of Respondent's related motion to dismiss (ECF No. 344). (ECF No. 347.) The magistrate judge then ordered supplemental briefing on Movant's pending motion to amend (ECF No. 291) and, following receipt of the briefs, recommended on December 27, 2017, that Movant's motion to amend also be denied. (ECF No. 359.)

After the issuance of these latter findings and recommendations, Movant retained the services of attorney Mark Reichel, who was to file objections by March 15, 2018. (ECF Nos.

1

362, 363, 364, 369.) Mr. Reichel, however, did not file objections on or before that date. Instead, he filed them on April 18, 2018, over thirty days late. (ECF No. 373.)

Accompanying the objections, Mr. Reichel filed a Request to Allow Late Filing where he identified several cases that occupied his time before the filing deadline in this case and he also identified a personal legal matter that he claims was time-consuming. He does not, however, identify any reason why he could not file a request for extension of time before the filing deadline for the objections. In addition, Movant claims that he and his family attempted several times to communicate with Mr. Reichel through voicemail, email, and text messages before the deadline to file objections passed. (ECF No. 372.) Apparently, Mr. Reichel failed entirely and unjustifiably to respond to any of these communications.

Seemingly acknowledging the weak foundation of his request to allow the late filing, Mr. Reichel asks that his client not be harmed by Mr. Reichel's own conduct, and he asserts that he would not be opposed to a monetary sanction for the delay in filing. The Court finds that sanctions are indeed warranted under the egregious conduct presented here and will accordingly sanction counsel $1,000.

Unsurprisingly, the government moves to dismiss Movant's objections as untimely. (ECF No. 376.) In fact, Movant himself moves pro se to strike the objections because it appears that they have been drafted in haste, being only 7 pages in length, without citation to the record, and with only minimal citation to law. (ECF No. 377.) Since neither party disputes the tardiness of the objections, and because the undersigned does not find good cause for counsel's delay in filing them, the objections will be stricken.

On June 22, 2018, Movant submitted pro se his objections to the findings and recommendations and a motion for leave to have them filed. (ECF Nos. 378-79.) However, Movant remains represented by counsel until such time as the Court rules on his motion for substitution of attorney. (ECF No. 377.) The Court does not allow parties to file on their own behalf when represented by counsel. Thus, while the Court is sympathetic to Movant's plight and deeply troubled by Mr. Reichel's conduct, it remains that his pro se objections cannot be

considered and will be stricken. The Court also notes that Movant has an alternative remedy against Mr. Reichel for his failings (e.g., a claim of professional negligence against Mr. Reichel).

However, the Court finds that in the interests of justice, Movant should be afforded an opportunity to obtain new counsel and file appropriate objections. Accordingly, the Court refers this matter back to the magistrate judge to continue the case in accordance with this Order.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's April 20, 2018, motion to strike (ECF No. 376) is GRANTED;
2. Movant's April 27, 2018, motion to strike (ECF No. 377) is GRANTED;
3. The objections filed on April 8, 2018 (ECF No. 373) are STRICKEN;
4. Attorney Mark Reichel is sanctioned in the amount of $1,000 to be paid to the Court within ten days from the date of this Order;
5. Movant's motion for extension of time to file objections (ECF No. 372) is DENIED;
6. Movant's motion for leave to file objections (ECF No. 379) is DENIED as moot as the Court is affording Movant time to find new counsel and file objections;
7. The objections filed on June 22, 2018 (ECF No. 378) are STRICKEN as moot;
8. The findings and recommendations filed August 16, 2017 (ECF No. 347) are ADOPTED in full,
9. Movant's motion for reconsideration (ECF No. 327) is DENIED;
10. Respondent's motion to dismiss (ECF No. 344) is GRANTED; and
11. This matter is referred back to the magistrate judge to hear Movant's motion for substitution of attorney (ECF No. 377) and allow objections to be filed as to the findings and recommendations filed on December 27, 2017, within a reasonable time of Movant obtaining new counsel.

///

Dated: September 13, 2018

                                                   Troy L. Nunley
                                                   United States District Judge