UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEFAN A. WILSON,<br><br>Defendant. | No. 2:08-cr-00114-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendant Stefan A. Wilson's ("Defendant") Motion for Compassionate Release. (ECF No. 393.) The Government filed an opposition. (ECF No. 397.) Defendant filed a reply. (ECF No. 399.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 17, 2009, Defendant pleaded guilty to two counts of a 31-count indictment. (ECF No. 61.) Count 14 charged wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 10.) Count 31 charged making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). (*Id.*) On September 15, 2009, the Honorable Lawrence K. Karlton sentenced Defendant to a 236-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 105.) On May 18, 2011, on remand from the Ninth Circuit, Judge Karlton again sentenced Defendant to a 236-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 130.) Defendant is currently serving his sentence at Federal Correction Institution ("FCI") Safford. He has served approximately 152 months of his 236-month sentence of imprisonment, and his projected release date with good conduct time is December 13, 2024.

On October 21, 2020, Defendant filed the instant Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 393.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 5.) Defendant is 57 years old and claims he is particularly vulnerable to COVID-19 because he suffers from asthma and hypertension. (*Id.* at 8.) He cites the conditions of confinement as an additional factor in his vulnerability. (*Id.* at 7.) In opposition, the Government argues the Court should deny Defendant's Motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (*See generally* ECF No. 397.)

II. **ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

2

1   18 U.S.C. § 3582(c)(1)(A).

2   In the instant case, it is undisputed that Defendant has met the threshold exhaustion
3   requirement.  Defendant made a request to the warden on June 2, 2020.  (ECF No. 393-5 at 2.)
4   The warden denied Defendant's request on June 24, 2020.  (*Id.*)  Because 30 days have elapsed
5   since June 2, 2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. §
6   3582(c)(1)(A).

7   Despite having met the exhaustion requirement, Defendant is eligible for compassionate
8   release only if he can demonstrate there are "extraordinary and compelling reasons" for a
9   sentence reduction and such a reduction is "consistent with applicable policy statements issued by
10  the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Defendant has not met his burden.

11  The Sentencing Commission's relevant policy statement on compassionate release
12  identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
13  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"
14  requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering
15  from a serious physical or medical condition, serious functional or cognitive impairment, or
16  deteriorating physical or mental health because of the aging process, "that substantially
17  diminishes the ability of the defendant to provide self-care within the environment of a
18  correctional facility and from which he or she is not expected to recover."  *Id.*

19  Defendant's medical records — filed under seal — indicate he suffers from various
20  medical conditions, including essential (primary) hypertension and asthma.  The Court is mindful
21  that people with certain medical conditions, including hypertension and asthma, can be more
22  vulnerable to COVID-19.  However, while the Centers for Disease Control and Prevention
23  ("CDC") clearly identifies *pulmonary* hypertension as a high-risk factor, the CDC states
24  individuals who suffer from general hypertension "might" be at higher risk.  *See generally*
25  Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher
26  Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-
27  with-medical-conditions.html (last visited December 1, 2020).  Moreover, Defendant's medical
28  records indicate he has been prescribed lisinopril to treat his hypertension.  Regarding

3

Defendant's asthma, the CDC recognizes moderate to severe asthma as a possible risk factor. *See id.* But Defendant's medical records indicate he has been prescribed inhalers to control his asthma. Defendant argues he is immunocompromised because he uses a corticosteroid to treat his asthma. (ECF No. 393 at 17.) Yet Defendant fails to provide any specific evidence as to what extent his immune system is compromised, if at all. Lastly, the BOP currently reports only two active inmate cases of COVID-19 at FCI Safford. As such, Defendant's concerns are arguably too speculative at this time. *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."). For these reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

In sum, the Court declines to grant Defendant's motion for compassionate release because Defendant has not shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors. *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

However, the Court notes that the § 3553(a) factors do not support a sentence reduction. Defendant requests a time served sentence, having served approximately 152 months of his 236-month sentence of imprisonment. (ECF No. 393 at 21.) Defendant admits "the circumstances of the present offense qualified [him] for the 236-month sentence," but he argues "the overriding factor under § 3553(a) that was not present at the time of sentencing is the COVID-19 pandemic and the serious risk it presents." (*Id.* at 17.) Defendant also emphasizes the extensive programming and other positive steps he has taken in prison. (*Id.* at 19.) The Court commends Defendant's efforts toward self-improvement while in custody, but the Court is not persuaded that Defendant's progress justifies such a drastic sentence reduction. And although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective

manner, it appears FCI Safford has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 236-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 393.)

IT IS SO ORDERED.

DATED:  December 3, 2020

                    Troy L. Nunley
                    United States District Judge