UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEFAN A. WILSON,<br><br>Defendant. | No. 2:08-cr-00114-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Stefan A. Wilson's ("Defendant") Motion for Reconsideration of the Court's Denial of Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 406.)  The Government filed an opposition.  (ECF No. 411.)  Defendant filed a reply.  (ECF No. 413.)  For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 17, 2009, Defendant pleaded guilty to two counts of a 31-count indictment.  (ECF No. 61.)  Count 14 charged wire fraud in violation of 18 U.S.C. § 1343.  (ECF No. 10.)  Count 31 charged making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1).  (*Id.*)  On September 15, 2009, the Honorable Lawrence K. Karlton sentenced Defendant to a 236-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF No. 105.)  On May 18, 2011, on remand from the Ninth Circuit, Judge Karlton again sentenced

Defendant to a 236-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF No. 130.)  Defendant is currently serving his sentence at Federal Correction Institution ("FCI") Safford.  He has served approximately 152 months of his 236-month sentence of imprisonment, and his projected release date with good conduct time is December 13, 2024.

On October 21, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 393.)  Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.  (*Id.* at 5.)  Defendant is 57 years old and claimed he is particularly vulnerable to COVID-19 because he suffers from asthma and hypertension.  (*Id.* at 8.)  He cited the conditions of confinement as an additional factor in his vulnerability.  (*Id.* at 7.)  On December 4, 2020, the Court denied Defendant's motion, finding he failed to show extraordinary and compelling reasons for release.  (ECF No. 401 at 4.)  The Court also noted that the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a time-served sentence.  (*Id.* at 5.)  Defendant filed the instant motion for reconsideration on December 16, 2020.  (ECF No. 406.)

**II.    STANDARD OF LAW**

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

**III.    ANALYSIS**

In moving the Court to reconsider its denial of compassionate release, Defendant argues he received "two emergent medical diagnoses" on December 7, 2020, three days after the Court's

1  previous order. (ECF No. 406 at 2.) The first of these new diagnoses is obesity. The second is
2  chronic kidney disease. Defendant submits Bureau of Prisons ("BOP") medical records — filed
3  under seal — that confirm these medical conditions were diagnosed on December 7, 2020.
4  Defendant also argues the recent surge of infections at FCI Safford warrants reconsideration. At
5  the time of the Court's previous order, there were only two active inmate cases of COVID-19 at
6  FCI Safford. The BOP currently reports 132 active inmate cases and 498 recovered inmates at
7  the facility. The Court finds these new facts warrant reconsideration under Local Rule 430.1(i).
8  Defendant has now presented multiple medical conditions that the Centers for Disease
9  Control and Prevention identifies as risk factors for severe illness from COVID-19. *See* Centers
10 for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk,
11 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html
12 (last visited January 11, 2021) (listing chronic kidney disease "of any stage" and obesity as risk
13 factors). In opposition, the Government argues that Defendant recently tested positive for
14 COVID-19, remained asymptomatic, and fully recovered. (ECF No. 411 at 1.) In reply,
15 Defendant submits medical records under seal showing that he suffered from several COVID-19
16 symptoms, which have recently improved. Although it is encouraging that Defendant's
17 symptoms have improved, the Government fails to persuade the Court that Defendant is not at
18 risk of reinfection with more serious symptoms in the future.
19 However, even assuming Defendant has shown extraordinary and compelling reasons for
20 his release, the Court nonetheless denies Defendant's motion based on the § 3553(a) factors. *See*
21 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting
22 compassionate release). Defendant requests a time-served sentence despite having served only
23 152 months of his 236-month term of imprisonment. In its previous order, the Court noted that
24 the § 3553(a) factors do not justify such a drastic reduction. (ECF No. 401 at 4.) Defendant's
25 new diagnoses do not persuade the Court otherwise. Despite the recent outbreak at FCI Safford,
26 Defendant has not shown that the facility is incapable of adequately addressing his medical needs.
27 To the contrary, it appears from Defendant's medical records that the facility has thus far
28 provided appropriate treatment and recommendations to manage Defendant's medical conditions

and recent COVID-19 infection.  As it is, Defendant's 236-month sentence is well-supported by the § 3553 factors and falls within the applicable guidelines range.  In particular, Defendant's criminal history and characteristics, the nature and circumstances of the offense, the need for adequate deterrence, and the need to protect the public all substantially outweigh Defendant's medical concerns.  Therefore, the Court finds a reduced sentence is not warranted at this time.

**IV.  CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration.  (ECF No. 406.)

IT IS SO ORDERED.

DATED:  January 12, 2021

Troy L. Nunley
United States District Judge